UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAX A. RADY,<br><br>       Plaintiff,<br><br>              v.<br><br>THE BOSTON CONSULTING GROUP, INC.<br>and De BEERS UK LIMITED,<br><br>       Defendants. | Case No.: 1:20-cv-02285 (ALC)<br><br>Judge Andrew L. Carter, Jr.<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT THE BOSTON CONSULTING GROUP, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
<u>PLAINTIFF'S PATENT INFRINGEMENT CLAIM (COUNT I)</u>**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

LEGAL STANDARD ........................................................................................................................ 1

ARGUMENT ..................................................................................................................................... 2

I.    MR. RADY FAILS TO PLEAD A VIABLE CLAIM FOR DIRECT INFRINGEMENT ........................................................................................................ 2

II.   MR. RADY FAILS TO PLEAD A VIABLE CLAIM FOR INDUCED INFRINGEMENT ........................................................................................................ 4

III.  MR. RADY FAILS TO PLEAD A VIABLE CLAIM FOR WILLFUL INFRINGEMENT ........................................................................................................ 7

IV.  PLAINTIFF'S PATENT INFRINGEMENT CLAIM SHOULD BE DISMISSED WITH PREJUDICE ..................................................................................................... 8

CONCLUSION .................................................................................................................................. 8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AlexSam, Inc. v. Aetna, Inc.*,
   2020 WL 5502323 (D. Conn. Sept. 11, 2020) ................................................................2

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
   134 S. Ct. 2347 (2014) .....................................................................................................1

*AlterG, Inc. v. Boost Treadmills LLC*,
   388 F. Supp. 3d 1133 (N.D. Cal. 2019) ..........................................................................8

*Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*,
   709 F.3d 1348 (Fed. Cir. 2013) .......................................................................................2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .........................................................................................................1

*Automated Transaction LLC v. New York Cmty. Bank*,
   2013 WL 992423 (E.D.N.Y. Mar. 13, 2013) ..................................................................7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .........................................................................................................2

*Cordell v. McGraw-Hill Cos., Inc.*,
   2012 WL 5264844 (S.D.N.Y. Oct. 23, 2012) .................................................................8

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
   2018 WL 6629709 (D. Del. Dec. 19, 2018) ................................................................5, 6

*Dresser, LLC v. VRG Controls, LLC*,
   2018 WL 10426611 (N.D. Ill. Nov. 28, 2018) ................................................................6

*DSU Med. Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006) .......................................................................................4

*IP Commc'ns Sols., LLC v. Viber Media (USA) Inc.*,
   2017 WL 1312942 (D. Del. Apr. 5, 2017) ......................................................................6

*Lewis v. Weiss*,
   2016 WL 1718251 (S.D.N.Y. Apr. 27, 2016) ................................................................8

*Lovell v. Staten*,
   2019 WL 4601665 (S.D.N.Y. Sept. 23, 2019) ...............................................................2

*Nat'l Presto Indus., Inc. v. West Bend Co.*,
    76 F.3d 1185 (Fed. Cir. 1996)..................................................................................................5

*Panduit Corp. v. Corning Inc.*,
    2019 WL 189817 (E.D.N.C. Jan. 14, 2019) .............................................................................5

*Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*,
    2020 WL 569880 (D. Nev. Feb. 5, 2020) .................................................................................3

*Star Envirotech, Inc. v. Redline Detection, LLC*,
    2014 WL 12589111 (C.D. Cal. Oct. 30, 2014)........................................................................5

*Superior Indus., LLC. v. Global Enters. Ltd.*,
    700 F.3d 1287 (Fed. Cir. 2012)................................................................................................7

*SynQor, Inc. v. Artesyn Techs., Inc.*,
    635 F. App'x 891 (Fed. Cir. 2015) ..........................................................................................7

*Uniloc USA, Inc. v. Apple Inc.*,
    2018 WL 2047553 (N.D. Cal. May 2, 2018) .......................................................................5, 6

*Verint Sys. Inc. v. Red Box Recorders Ltd.*,
    2016 WL 7177844 (S.D.N.Y. Dec. 7, 2016) ...........................................................................5

*Worldwide Home Prods., Inc. v. Time, Inc.*,
    2012 WL 6705876 (S.D.N.Y. Dec. 21, 2012) .........................................................................4

**Statutes**

35 U.S.C. § 101....................................................................................................................................1

35 U.S.C. § 271....................................................................................................................................2

Defendant The Boston Consulting Group, Inc. ("BCG") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Max A. Rady's claim for infringement of United States Patent No. 10,469,250 ("'250 Patent") (Count I) in his Second Amended Complaint ("SAC") (ECF No. 30).

## PRELIMINARY STATEMENT

The alleged inventions claimed in the '250 Patent are directed to an unpatentable abstract idea and are therefore invalid. *See* 35 U.S.C. § 101.[1] But even if any of the claims were valid, Mr. Rady has not, and cannot, state a viable patent infringement claim against BCG.

Mr. Rady, despite his third bite at the apple, still fails to state a viable patent infringement claim against BCG. Mr. Rady alleges that BCG developed a "gemstone provenance and authentication method" that was incorporated into De Beers' Tracr platform allegedly "launched" in 2018. But Mr. Rady does not allege any facts supporting his claim that BCG infringed the '250 Patent that issued more than one year later in November 2019.[2]

This is the same pleading deficiency that BCG highlighted in its pre-motion letter addressing Mr. Rady's First Amended Complaint. But Mr. Rady again fails to state a viable claim in the SAC. Having had several opportunities to state a claim, Mr. Rady's patent infringement claim should be dismissed with prejudice.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

---

[1] BCG joins De Beers' motion to dismiss Mr. Rady's patent infringement claim on the ground that the '250 Patent claims unpatentable subject matter (ECF Nos. 37, 38). *See* 35 U.S.C. § 101; *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2356-57 (2014).

[2] BCG denies and will vigorously defend against Mr. Rady's claims for trade secret misappropriation (Counts II, III) and breach of contract (Count IV), but does not seek to dismiss those claims in this Rule 12(b)(6) motion.

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere recitals of the elements of a cause of action or conclusory statements do not suffice. *Lovell v. Staten*, 2019 WL 4601665, at *2 (S.D.N.Y. Sept. 23, 2019) (Carter, J.). Allegations that "lack[] precise and clear detail as to . . . allegedly infringing conduct and instead rel[y] on broad, speculative generalizations" do not state a viable claim for patent infringement. *AlexSam, Inc. v. Aetna, Inc.*, 2020 WL 5502323, at *15 (D. Conn. Sept. 11, 2020). Applying that standard, Mr. Rady fails to plead a direct, induced, or willful infringement claim against BCG.

## ARGUMENT

### I.   MR. RADY FAILS TO PLEAD A VIABLE CLAIM FOR DIRECT INFRINGEMENT

Mr. Rady has not stated a viable claim for direct infringement against BCG. To state such a claim, Mr. Rady must allege facts supporting a plausible inference that, during the term of the '250 Patent, BCG made, used, offered to sell, or sold in the United States a product meeting all limitations of at least one claim, or practiced every step of a claimed method. *See* 35 U.S.C. § 271(a); *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 709 F.3d 1348, 1362 (Fed. Cir. 2013). Mr. Rady fails to allege such facts.

Mr. Rady contends that "Defendants' unauthorized development, use, offer to license, and/or license of the De Beers solution in the United States constitutes an infringement of at least Claims 1 and 12 of the '250 Patent in violation of 35 U.S.C. § 271(a)" (SAC ¶ 90), and that "[a]dditional proof of this infringement is included in Exhibit B" (*id.* ¶ 89; *see also id.* ¶ 87). But the SAC is devoid of well-pleaded facts supporting an inference that BCG infringed either of these claims.

Claim 1 of the '250 Patent is a product claim. It claims a "network node" comprising "one or more processing devices," "a storage device," "a communications subsystem," and "item

analysis components" wherein the processing device(s) configure the node to perform a specified analysis.  ('250 Patent, Claim 1, SAC, Ex. A (ECF No. 30-1).)  But Mr. Rady nowhere alleges that BCG made, used, offered to sell, or sold any such "network node."  Mr. Rady merely alleges that BCG developed for De Beers a "gemstone provenance and authentication *method* . . . which became known as TRACR."[3]  (SAC ¶ 14 (emphasis added); *see also id.* ¶ 56 (alleging that BCG, with De Beers, "developed" the "*description* of TRACR" (emphasis added)).)  Mr. Rady's Exhibit B does not refer to any BCG actions whatsoever; it merely comprises excerpts from alleged "Tracr Community Briefing" videos cut-and-paste beside claim 1 of the '250 Patent.  (SAC, Ex. B (ECF No. 30-2).)

Claim 12 of the '250 Patent is a method claim.  It recites a "computer implemented method" directed to collecting, processing, and storing information to track physical items.  ('250 Patent, Claim 12, SAC, Ex. A (ECF No. 30-1).)  But Mr. Rady does not allege that BCG performed any, let alone all, of the steps in the claimed method.  *See, e.g.*, *Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*, 2020 WL 569880, at *3 (D. Nev. Feb. 5, 2020) (dismissing infringement claim where patentee failed to allege facts showing "how Defendants' software practices each element of the patented method").  Exhibit B does not even mention BCG, let alone include facts supporting an inference that BCG performed the method recited in claim 12 of the '250 Patent.  Again, Exhibit B merely comprises excerpts from alleged "Tracr Community Briefing" videos cut-and-paste beside claim 12 of the '250 Patent.

---

[3] Mr. Rady alleges that the "De Beers solution[] includ[es] TRACR and Gemfair" (*e.g.*, SAC ¶ 87), but he does not even attempt to allege how GemFair meets any limitations of any claims of the '250 Patent.  Rather, Mr. Rady's "claim charts" address only Tracr.  (*See* SAC, Ex. B (ECF No. 30-2).)

3

## II.     MR. RADY FAILS TO PLEAD A VIABLE CLAIM FOR INDUCED INFRINGEMENT

Mr. Rady has not stated a viable claim for induced infringement against BCG.[4]  To state such a claim, Mr. Rady must allege facts supporting a plausible inference that (1) a third party directly infringed the '250 Patent, (2) BCG took actions that encouraged that infringement, and (3) BCG acted with specific intent, *i.e.*, that BCG knew about the '250 Patent and knew or should have known that its actions would induce infringement.  *See DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).  Mr. Rady fails to allege any such facts.

Mr. Rady alleges that BCG induced infringement by "encourag[ing] at least *De Beers, and others*, to practice the invention claimed in the '250 patent."  (SAC ¶ 91 (emphasis added).)  But the SAC is devoid of facts supporting a claim that BCG induced De Beers or "others" to infringe any claim of that patent.

Mr. Rady does not identify any action that BCG took to encourage *De Beers* to infringe the '250 Patent after that patent issued and BCG was aware of the patent.  Rather, Mr. Rady contends that BCG developed a "method" that De Beers incorporated into Tracr (*id.* ¶ 14) and that "[i]n 2018, De Beers, and upon information and belief, with the assistance of, and in partnership with, BCG, launched TRACR" (*id.* ¶ 63).  Mr. Rady also alleges that "De Beers and BCG promoted TRACR at Consensus 2019 held in New York City from May 12 – 15, 2019."  (*Id.* ¶ 68.)  But the '250 Patent did not issue until November 2019, and BCG's alleged pre-issuance cooperation with De Beers cannot support an induced infringement claim.  *See Worldwide Home Prods., Inc. v. Time, Inc.*, 2012 WL 6705876, at *2 (S.D.N.Y. Dec. 21, 2012) ("A plaintiff cannot state an inducement of infringement claim under § 271(b) based on acts that

---

[4] Mr. Rady does not allege that BCG contributorily infringed the '250 Patent.

4

occurred prior to the issuance of the patent"); *Nat'l Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1196 (Fed. Cir. 1996) ("when no patent has issued at the time of the inducement there cannot be a violation of § 271(b)").[5]

Mr. Rady also does not identify any of the "*others*" that BCG allegedly encouraged to infringe, and his induced infringement claim as to those "others" fails for that reason alone. *See, e.g.*, *Panduit Corp. v. Corning Inc.*, 2019 WL 189817, at *6-7 (E.D.N.C. Jan. 14, 2019) (dismissing induced infringement claim where plaintiff alleged that defendant induced "unnamed others" to infringe); *Star Envirotech, Inc. v. Redline Detection, LLC*, 2014 WL 12589111, at *4 (C.D. Cal. Oct. 30, 2014) (dismissing induced infringement claim where plaintiff alleged that defendants encouraged "unspecified 'third parties'" to use technology in an infringing manner). But even ignoring that flaw, Mr. Rady alleges just a few acts by BCG after the '250 Patent issued and BCG knew about the patent, and none suffice to state a claim for induced infringement.

First, Mr. Rady's conclusory allegations regarding the Tracr.com website and other unspecified marketing and promotion (SAC ¶ 67) are insufficient to state a claim for induced infringement. Mr. Rady does not allege that BCG published any statements on Tracr.com or made any other specific statements encouraging infringement by "others" after BCG learned about the '250 Patent. *See Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (dismissing induced infringement claim where plaintiff referred to "marketing materials, brochures, product manuals, and other materials such as their website" but did not identify specific statements encouraging infringement); *Uniloc USA,*

---

[5] Mr. Rady does not allege that BCG took any acts between the issuance of the patent on November 5, 2019, and the date that BCG allegedly learned of the patent, *i.e.*, November 22, 2019. (SAC ¶ 83.) But even if he had, BCG's alleged earlier knowledge of the patent application cannot, by itself, support an induced infringement claim. *See Verint Sys. Inc. v. Red Box Recorders Ltd.*, 2016 WL 7177844, at *2 (S.D.N.Y. Dec. 7, 2016).

5

*Inc. v. Apple Inc.*, 2018 WL 2047553, at *4-5 (N.D. Cal. May 2, 2018) (dismissing induced infringement claim where plaintiff referred to "videos, demonstrations, brochures, and . . . websites" but did not specify any "specific site content" encouraging infringement).  Even if he did, Mr. Rady does not allege that BCG made any statements with the intent to encourage infringement or that any "other" party actually infringed the '250 Patent as a result of those statements.  *See, e.g.*, *Dresser, LLC v. VRG Controls, LLC*, 2018 WL 10426611, at *3 (N.D. Ill. Nov. 28, 2018) (dismissing induced infringement claim where patentee did not point to any language indicating defendant "specifically intended for its customers to use the allegedly infringing PRCV products in a manner that infringes"); *IP Commc'ns Sols., LLC v. Viber Media (USA) Inc.*, 2017 WL 1312942, at *4 (D. Del. Apr. 5, 2017) (dismissing induced infringement claim where plaintiff pointed to web pages referencing defendant's application but did not allege how defendant "specifically instructed or directed customers" to use product to infringe).

Second, Mr. Rady's allegation that "BCG continues to market its capabilities to develop systems utilizing physical item mapping to a blockchain framework similar to TRACR" on its global website (SAC ¶ 78) also misses the mark.  BCG's referencing its ability to develop *other* blockchain solutions for *other* prospective customers is irrelevant to whether BCG encouraged third parties to use De Beers' *Tracr* platform in a way that infringes the '250 Patent.  *See, e.g.*, *Dodots Licensing Sols.*, 2018 WL 6629709, at *4; *Uniloc USA*, 2018 WL 2047553, at *4.  Mr. Rady also does not allege that BCG referred to its past work on Tracr with an intent to encourage infringement or that any "other" party actually infringed the '250 Patent as a result of the statement.  *See, e.g.*, *Dresser*, 2018 WL 10426611, at *3; *IP Commc'ns Sols.*, 2017 WL 1312942, at *4.

Finally, a passing reference to Tracr in the World Economic Forum White Paper (SAC ¶¶ 79, 80) also cannot support an induced infringement claim.  Mr. Rady alleges that "in a January 2020 white paper published by the World Economic Forum, in collaboration with BCG, titled 'Share to Gain:  Unlocking Data Value in Manufacturing,' the value of sharing data in ways like Tracr to identify fraud and establish provenance and authenticity is touted. . . .

> *How would that work?*  As good examples, Tracr and Everledger have introduced blockchain technology in the diamond industry to combat fraud and counterfeiting.  Each company has developed a solution that assigns a unique identity to each diamond, records its characteristics and quality, and tracks each step of the process from the mine to the retailers."

(*Id.* ¶ 78.)  Mr. Rady nowhere alleges facts supporting a plausible inference that this single passing reference to Tracr in a paper "published by the World Economic Forum" should be attributed to BCG, that BCG made the statement with the intent to encourage infringement, or that any "other" party actually infringed as a result of this statement.  *Cf. Superior Indus., LLC. v. Global Enters. Ltd.*, 700 F.3d 1287, 1295-96 (Fed. Cir. 2012) (dismissing induced infringement claim where plaintiff alleged that defendant referenced accused products in press releases and advertisements but did not allege facts supporting a reasonable inference that defendant intended to induce infringement).

### III. MR. RADY FAILS TO PLEAD A VIABLE CLAIM FOR WILLFUL INFRINGEMENT

Mr. Rady has not stated a viable claim for willful infringement against BCG because he has not stated an underlying claim for direct or induced infringement.  *See SynQor, Inc. v. Artesyn Techs., Inc.*, 635 F. App'x 891, 894 (Fed. Cir. 2015); *see also Automated Transaction LLC v. New York Cmty. Bank*, 2013 WL 992423, at *5 (E.D.N.Y. Mar. 13, 2013) (dismissing willful infringement claim where plaintiff failed to plead underlying direct infringement);

7

*AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1143 (N.D. Cal. 2019) ("a finding of direct infringement is a prerequisite for willful infringement").

### IV. PLAINTIFF'S PATENT INFRINGEMENT CLAIM SHOULD BE DISMISSED WITH PREJUDICE

Mr. Rady has had three attempts to plead his patent infringement claim against BCG. (*See* ECF Nos. 1, 12, 30.) Moreover, BCG expressly identified the same deficiencies addressed here in its pre-motion letter addressing Mr. Rady's First Amended Complaint. (ECF No. 18.) Mr. Rady responded that he would amend his pleading to "assert additional facts to support his claims for patent infringement." (ECF No. 24 at 3.) But the SAC suffers the same fatal deficiencies.

Mr. Rady has not corrected these deficiencies because he cannot, consistent with Rule 11, correct them. Mr. Rady's own allegations confirm that BCG's alleged development relating to the De Beers' Tracr platform was completed before the '250 Patent issued and he has failed to identify any actions that BCG took after the patent issued that could support an infringement claim. Accordingly, Mr. Rady's patent infringement claim against BCG should be dismissed with prejudice. *See, e.g.*, *Cordell v. McGraw-Hill Cos., Inc.*, 2012 WL 5264844, at *4 (S.D.N.Y. Oct. 23, 2012) (Carter, J.) ("Because [Plaintiff] has not provided the Court with additional facts it could plausibly allege to cure the defects in the Complaint, the Complaint is dismissed with prejudice."); *Lewis v. Weiss*, 2016 WL 1718251, at *7 (S.D.N.Y. Apr. 27, 2016) (Carter, J.) (dismissing claim "with prejudice, as any amendment would be futile").

## CONCLUSION

For the foregoing reasons, the Court should dismiss Count I of the Second Amended Complaint with prejudice and grant whatever further and additional relief it deems just and proper.

8

Dated: New York, New York
      October 5, 2020

Respectfully Submitted,

MORRISON & FOERSTER LLP

By: *s/ Kyle Mooney*
    Kyle W.K. Mooney
    250 West 55th Street
    New York, New York  10019
    Telephone: (212) 468-8000
    Facsimile: (212) 468-7900
    Email:  KMooney@mofo.com

    Michael A. Jacobs (*pro hac vice* pending)
    425 Market Street
    San Francisco, CA 94105
    Telephone: (415) 268-7000
    Facsimile: (415) 268-7522
    Email:  MJacobs@mofo.com

    Counsel for Defendant
    THE BOSTON CONSULTING GROUP, INC.

## **CERTIFICATE OF SERVICE**

I, Neal F. Burstyn, HEREBY CERTIFY that on October 5, 2020, a true and correct copy of the foregoing document was filed and served via Electronic Case Filing (ECF) on all counsel of record who have consented to electronic service, and served via electronic mail on all counsel listed below:

| | |
|---|---|
| Steven E. Tiller | Christopher P. Borello |
| 7 St. Paul Street | 1270 Avenue of the Americas |
| Baltimore, MD 21202 | New York, New York 10020 |
| Telephone: (410) 347-9425 | Telephone: (212) 218-2100 |
| Facsimile: (410) 223-4325 | Facsimile: (212) 218-2200 |
| Email: stiller@wtplaw.com | Email: cborello@venable.com |

Dated: October 5, 2020

*Neal F. Burstyn*