UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAX A. RADY,<br><br>     Plaintiff,<br><br>     v.<br><br>THE BOSTON CONSULTING GROUP, INC.<br>and De BEERS UK LIMITED,<br><br>     Defendants. | Case No.: 1:20-cv-02285 (ALC)<br><br>Judge Andrew L. Carter, Jr.<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT BOSTON CONSULTING GROUP, INC.'S REPLY
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
<u>PLAINTIFF'S PATENT INFRINGEMENT CLAIM (COUNT I)</u>**

**PRELIMINARY STATEMENT**

Mr. Rady's opposition brief only underscores the failings of his patent infringement claim against BCG. Lacking any pleading that BCG itself practices the claimed invention, Mr. Rady falls back to an unpled theory that BCG is a direct infringer based on its alleged "ownership, partnership or . . . joint venture with De Beers" — a theory that has no support in the law. Mr. Rady also argues that his induced infringement claim is actually based on his enforcement of provisional rights under 35 U.S.C. § 154(d), but that argument fails for multiple reasons. Mr. Rady has had three chances to plead an infringement claim against BCG. His allegations still do not support the claims pleaded, or those now imagined in his opposition brief. Mr. Rady's infringement claim should be dismissed with prejudice.

**ARGUMENT**

**I.    MR. RADY FAILS TO PLEAD A VIABLE CLAIM FOR DIRECT INFRINGEMENT**

Mr. Rady concedes that his allegations do not give rise to a reasonable inference that BCG (1) made, sold, offered to sell, or used the "network node" of claim 1; or (2) performed any, let alone all, of the steps of the method of claim 12. (Mem. at 2-3.)[1] Mr. Rady does not contend that BCG's identifying TRACR as a "portfolio asset" (SAC ¶ 19) (Dkt. No. 30) or assisting De Beers with the 2018 launch of TRACR (*id.* ¶¶ 63, 65) (Opp'n at 6-7) support that BCG itself infringed either of those claims.[2]

---

[1] Citations herein take the following form: "Mem. at __" are to Defendant The Boston Consulting Group, Inc.'s Memorandum of Law in Support of Motion to Dismiss Plaintiff's Patent Infringement Claim (Count I) (Dkt. No. 41); and "Opp'n at __" are to Plaintiff Max. A. Rady's Opposition to Defendant Boston Consulting Group, Inc.'s Motion to Dismiss (Dkt. No. 45).

[2] Mr. Rady's reliance on BCG's alleged support of the GemFair launch in 2018 (Opp'n at 7 (citing SAC ¶ 64)) is misplaced. Mr. Rady concedes that he has not even attempted to allege how GemFair meets any limitations of any claims of the '250 Patent. (Mem. at 3 n.3.)

Instead, Mr. Rady contends that BCG is "directly liable for infringement" because BCG's identification of TRACR as a "portfolio asset" suggests that BCG has an "ownership, partnership or a joint venture with De Beers in TRACR." (Opp'n at 7 (citing SAC ¶ 19).) But there is no such theory of direct infringement. The Patent Act makes an infringer directly liable only where it "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention . . . ." 35 U.S.C. § 271(a). Here, Mr. Rady makes no such allegations.

Mr. Rady's cited authority only reinforces his pleading failure. In *Torrington Manufacturing Co. v. Engineering Tool & Metals Co.*, Mr. Rady's lead case, the district court denied defendant's motion to dismiss where (1) the plaintiff alleged that defendant "made, used, or sold" alleged infringing article and (2) deposition testimony of the sole proprietor confirmed that the defendant might use or sell such article and may not even exist as a separate legal entity. 197 F. Supp. 205, 207 (S.D. Tex. 1961). In *Ocean Innovations, Inc. v. Quarterberth, Inc.*, the court exercised personal jurisdiction over general partners of a partnership who were agents of the partnership under Ohio statutory law and had been personally involved in promoting and selling alleged infringing products. 2009 WL 10689365, at *5 (N.D. Ohio Mar. 31, 2009). In *Lego System A/S v. Rubicon Communications, LP*, the court granted a motion to amend where the proposed defendant was a general partner of a partnership and therefore liable for acts of partnership under Texas statutory law. 2017 WL 2423051, at *4 (D. Conn. June 5, 2017). Here, Mr. Rady does not identify any specific partnership, much less allege that BCG is a general partner liable for any specific acts of the partnership under the law of the governing jurisdiction.

Mr. Rady's other cases concern vicarious trademark and copyright infringement and are inapposite. *See, e.g.*, *Gucci America, Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228,

247 (S.D.N.Y. 2010) (dismissing claim for vicarious trademark infringement; mere references to a "partnership" insufficient to support claim absent allegations that "defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product") (internal quotation and citation omitted).[3]

In order to hold BCG liable for the acts of another entity, Mr. Rady would have to plead facts giving rise to a reasonable inference that BCG directed and controlled the infringing acts or was liable under a "joint enterprise" theory of infringement. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022-23 (Fed. Cir. 2015). Mr. Rady does not even attempt to plead the elements required to state such a claim. *See, e.g.*, *Lyda v. CBS Corp.*, 838 F.3d 1331, 1340 (Fed. Cir. 2016); *CBA Env't Servs., Inc. v. Toll Bros. Inc.*, 403 F. Supp. 3d 403, 418-20 (D.N.J. 2019); *see also Sonrai Sys., LLC v. AMCS Grp. Inc.*, 2017 WL 4281122, at *6 (N.D. Ill. Sept. 27, 2017) ("[T]he fact that AMCS provided the technology to Lakeshore has no bearing over whether AMCS in fact exercised control over Lakeshore's use of the technology to infringe.").

## II. MR. RADY FAILS TO PLEAD A VIABLE CLAIM FOR INDUCED INFRINGEMENT

Mr. Rady fails to address any of the deficiencies that BCG identified in his induced infringement claim. For example, Mr. Rady repeats that BCG "developed" the alleged infringing

---

[3] *See also Kelly-Brown v. Winfrey,* 717 F.3d 295, 314 (2d Cir. 2013) (Second Circuit affirmed the district court's dismissal of the plaintiff's vicarious trademark infringement claim because plaintiff did not adequately allege that "the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product") (internal quotations and citation omitted); *Little Mole Music v. Spike Inv., Inc.*, 720 F. Supp. 751, 756 (W.D. Mo. 1989) (finding that individual partners in defendant company who had "tak[en] control of the business" and "were invested with the sole responsibility" relating to alleged wrongdoing could be liable for vicarious copyright infringement).

technology (Opp'n at 9-10), but nowhere identifies any alleged development work after the '250 Patent issued. (Mem. at 4.) Mr. Rady also does not attempt to identify any of the "others" that BCG allegedly encouraged to infringe. (Mem. at 5.) And Mr. Rady does not dispute that the minimal BCG conduct after the '250 Patent issued cannot possibly support an induced infringement claim. (Mem. at 5-7.)

Recognizing the fatal deficiencies in his claim, Mr. Rady makes up a brand new claim: BCG is liable for inducing infringement of his provisional patent rights under 35 U.S.C. § 154(d). Mr. Rady cannot inject new infringement theories into this case via his opposition brief. *See Kamanou v. Exec. Sec'y of Comm'n of Econ. Cmty. of W. Afr. States*, No. 10 Civ. 7286(GBD)(JLC), 2012 WL 868700, at *2 n.2 (S.D.N.Y. Mar. 14, 2012). But even if he could, Mr. Rady's new theory is not legally cognizable and fails on numerous additional grounds.

The Federal Circuit has held that a party cannot be liable for induced infringement based on acts taken before the patent issued and the entity was aware of the patent. *See Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1196 (Fed. Cir. 1996); *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304-5 (Fed. Cir. 2006). Mr. Rady's argument that a patentee can use Section 154(d) to circumvent that Federal Circuit precedent was considered and rejected by this court in *Worldwide Home Prods., Inc. v. Time, Inc.*, No. 11 Civ. 03633(LTS)(MHD), 2012 WL 6705876, at *2 (S.D.N.Y. Dec. 21, 2012). In *Worldwide Home Prods.*, as here, plaintiff argued that Section 154(d) provided a right of action for induced infringement based on pre-issuance conduct. *Id.* at *2. The court rejected plaintiff's argument that Section 154(d) provided any such right. *Id.* BCG cited *Worldwide Home Prods.* in its opening brief (Mem. at 4-5). Mr. Rady ignored it in his opposition.

Even if Mr. Rady could rely on Section 154(d), his claim fails on separate and additional grounds. Mr. Rady does not allege that BCG "had actual notice of the published patent application" when it committed any alleged act. 35 U.S.C. §§ 154(d)(1)(B), 154(d)(2).[4] Mr. Rady also does not point to a single act that BCG took after the patent application was published (June 27, 2019) that encouraged De Beers, or any unidentified "others," to infringe.[5]

Moreover, Mr. Rady does not allege that "the invention as claimed in the patent is substantially identical to the invention as claimed in the published patent application." 35 U.S.C. § 154(d)(2). Mr. Rady argues in a footnote in his Opposition Brief that the claims are "substantially similar." (Opp'n at 3 n.1.) But the standard is "substantially identical" not "substantially similar," and Mr. Rady alleges neither. In fact, as shown in Exhibit A to this reply, the claims are not "substantially identical." *See, e.g.*, *Classen Immunotherapies, Inc. v. Shionogi, Inc.*, 993 F. Supp. 2d 569, 579-80 (D. Md. 2014) ("added limitation to the issued patent narrows the scope of the claim and the patent, thus preventing Classen from invoking § 154(d)"), *aff'd*, 586 F. App'x 585 (Fed. Cir. 2014); *see also Sloan Valve Co. v. Zurn Indus., Inc.*, 2012 WL 5306287, at *4-7 (N.D. Ill. Oct. 26, 2012) (Section 154(d) provisional damages unavailable where amendments changed claim scope).

### III. MR. RADY FAILS TO PLEAD A VIABLE CLAIM FOR WILLFUL INFRINGEMENT

Mr. Rady has not stated a viable claim for willful infringement against BCG because he has not stated an underlying claim for direct of induced infringement. (Mem. at 7.) As

---

[4] The SAC is devoid of any reference to the published patent application. Mr. Rady emphasizes that BCG knew of the unpublished patent application. *See, e.g.*, SAC ¶¶ 13, 35, 38, 95, 104, 111.

[5] Contrary to Mr. Rady's assertion (Opp'n at 9), BCG is not relying on a "willful blindness argument" and the cases cited by Mr. Rady are not relevant to the present motion.

demonstrated above, Mr. Rady effectively concedes that he has not pleaded viable claims and his new unpled theories are not cognizable as a matter of law.

### IV.  MR. RADY'S PATENT INFRINGEMENT CLAIM SHOULD BE DISMISSED WITH PREJUDICE

Mr. Rady's opposition further demonstrates that his patent infringement claim against BCG should be dismissed with prejudice. If Mr. Rady could have corrected his pleading deficiencies, he should have done so. If Mr. Rady wanted to plead new infringement theories, he should have done that (as futile as they are). Mr. Rady did neither. Instead, Mr. Rady refiled the same deficient claim supported by virtually the same allegations. Mr. Rady's infringement claim should therefore be dismissed with prejudice. *See, e.g.*, *Cordell v. McGraw-Hill Cos., Inc.*, 2012 WL 5264844, at *4 (S.D.N.Y. Oct. 23, 2012) (Carter, J.), *aff'd*, 525 F. App'x 22 (2d Cir. 2013); *Lewis v. Weiss*, 2016 WL 1718251, at *7 (S.D.N.Y. Apr. 27, 2016) (Carter, J.).

### CONCLUSION

For the foregoing reasons, the Court should dismiss Count I of the Second Amended Complaint with prejudice and grant whatever other and further relief it deems just and proper.

Dated: New York, New York
      November 16, 2020

Respectfully Submitted,

MORRISON & FOERSTER LLP

By:   *s/ Kyle W.K. Mooney*
     Kyle W.K. Mooney
     250 West 55th Street
     New York, New York 10019
     Telephone: (212) 468-8000
     Facsimile: (212) 468-7900
     Email: KMooney@mofo.com

     Michael A. Jacobs (*pro hac vice*)
     425 Market Street
     San Francisco, CA 94105
     Telephone: (415) 268-7000
     Facsimile: (415) 268-7522
     Email: MJacobs@mofo.com

     Counsel for Defendant
     THE BOSTON CONSULTING GROUP, INC.