USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/5/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAX A. RADY,

   Plaintiff,

-against-

BOSTON CONSULTING GROUP, et al.,

   Defendants.

20-CV-2285 (ALC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The parties having failed to agree on a protective order, and the Court having considered the competing versions and the parties' arguments on the five main areas of disagreement, *see* Dkt. 75, the Court rules as follows with respect to each area of disagreement:

  1. **Designations for Confidential Material, Highly Confidential Material, and Source Code**. The Court agrees with defendants. In a trade secrets case such as this, tiered confidentiality designations are appropriate. *See*, *e.g.*, *IGT v. High 5 Games*, 2021 WL 1346061 (S.D.N.Y. Apr. 12, 2021); *Samsung Display Co. v. Solas Oled Ltd.*, 2021 WL 5154142 (S.D.N.Y. Nov. 5, 2021).

  2. **Party Access to Designated Material**. The Court adopts a hybrid position. Plaintiff Rady may have read-only access to Confidential Material, *i.e.*, the ability to review such material in the presence of outside counsel, but no right to retain or remove copies. Similarly, a limited number of defendants' current business-side employees (those with a genuine need to have access to the Confidential Material in order to participate in the defense of this action) may have read-only access to Confidential Material. The identities of those employees must be disclosed. *See Samsung Display Co.*, 2021 WL 5154142, at *2 (¶ 4(d)). The parties may appropriately be denied access to material with a higher confidentiality designation.

3.  **Access to Designated Material by Original Drafters and Recipients.** Plaintiff proposes that his counsel be permitted to disclose designated material, outside of a deposition or trial, to anyone believed by counsel to have been its author, addressee, or actual or "intended" recipient, even if that information does not appear on the face of the material. Dkt. 75-2, ¶ 4(g). This is more generous than ¶ 5(c) of the Court's Model Protective Order, which limits disclosure to those who are "shown on the face of document as having received a copy." Defendants propose a cumbersome process under which the producing party must be notified of the proposed interview or other contact and given a week to "approve[] the disclosure." Dkt. 75-1, ¶ 6(f). The Court adopts a hybrid position. A document designated Confidential Material or Highly Confidential Material may be disclosed, on a read-only basis, to its author, its addressee(s), and any other person shown on the face of the document as having received a copy, provided that the witness first executes the undertaking attached to both versions of the proposed protective order and a copy of that undertaking is promptly provided to counsel for the producing party. The "read only" restriction shall not apply where plaintiff Rady is the author, addressee, or recipient. *See* Dkt. 75-1, ¶ 6(f).

4.  **Blanket Confidentiality Designations**. The Court adopts plaintiff's position, which requires that when the confidential portion of a document is "reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated." Dkt. 75-2, ¶ 1. Defendants' concern that this language will require them to "burn confidentiality boxes around each confidential paragraph, line, or word," Dkt. 75, at 4, is exaggerated, as the key phrase is "*reasonably* separable." For the parties' guidance: redaction is reasonable when only a small portion of the document (a few words or lines) is confidential, leaving the remainder of the document comprehensible and (potentially) useful in litigation in

redacted form. But where the document is primarily devoted to confidential topics or information, such that a redacted version would be incomprehensible and/or useless for litigation purposes, it would be unreasonable to require the producing party to undertake that exercise.

5.  **No Sealing Presumption**. The Court agrees with plaintiff that the protective order should expressly state that there is no presumption that sealing motions will be granted or that Confidential Material or Highly Confidential Material will be treated as such at trial. The parties to this action do not need that warning, but non-parties – who may be asked to produce evidence under Rule 45 or otherwise – may not understand the point without more clarity. As a housekeeping matter, since different judges may rule on sealing motions at different stages of the case, the sealing provision should reference the individual practices of the assigned magistrate judge and district judge.

6.  **Printing Limits**. The Court adopts defendants' position. The parties shall not request to print more than "the greater of 250 pages or 10% of the total source code (by line count)," Dkt. 75-1, ¶ 11(k), subject to the proviso that the Producing Party "shall not unreasonably withhold permission" to exceed the page limit on request.

No later than **August 11, 2022**, the parties shall finalize the language of the protective order in accordance with this Order and submit the final document, approved as to form, for the Court's review.

Dated: New York, New York
       August 5, 2022              SO ORDERED.

                                   _____
                                   **BARBARA MOSES**
                                   **United States Magistrate Judge**